FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

2015 MAY 22  P 1: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PERVEZ BALOUCH,<br><br>Defendant. | Case No. 1:15-cv-____ 661 _____<br><br>AJT /JFA |

## COMPLAINT

The American Automobile Association (or "AAA," as the organization is commonly known) brings this Complaint for monetary damages and injunctive and other relief against Pervez Balouch, owner and operator of Allaaa Driving School, for his infringement and unauthorized use of AAA's famous AAA trademarks.   AAA alleges as follows:

## NATURE OF ACTION

1.    This is an action for trademark counterfeiting, trademark infringement, false designation of origin, unfair competition, and cyber-squatting, in violation of sections 32(1) and (2) and 43(a) of the Trademark Act of 1946 (or Lanham Act), 15 U.S.C. §§ 1114(1)–(2), 1125(a); for trademark infringement under the Virginia Trademark and Service Mark Act, Va. Code Ann. § 59.1-92.12; and for violation of the common law of the Commonwealth of Virginia. AAA seeks an injunction prohibiting Defendant, Pervez Balouch, from using in commerce its "AAA" trademarks.  In addition, and pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117, and Virginia Law, AAA seeks compensatory damages, treble damages, Defendant's

profits from the violations alleged, and the costs and attorneys' fees incurred in bringing this action.

2.     AAA has owned the relevant "AAA" trademarks (collectively, "AAA Marks") for decades and has achieved considerable name recognition and goodwill in them.

3.     Defendant uses the AAA Marks in commerce in connection with his business Allaaa Driving School and without AAA's authorization.  Defendant uses the AAA Marks with full knowledge that AAA has not authorized him to do so.  Such use of the AAA Marks causes confusion among the public because consumers are likely to believe—erroneously—that Allaaa Driving School, is associated, affiliated, or connected with AAA, or that AAA has sponsored, authorized, approved, or endorsed Defendant's business, products, or services.

4.     Defendant's use of the AAA Marks also has diminished the ability of AAA's famous and distinctive AAA Marks to identify and distinguish the products and services provided under those trademarks by AAA and its affiliated local clubs.

5.     Defendant has thus made unauthorized commercial use of the AAA Marks in the United States and in Virginia to his benefit and to the detriment of AAA and the public, in violation of the laws identified above.

## PARTIES

6.     AAA is a not-for-profit non-stock corporation organized and existing under the laws of Connecticut and has its principal place of business at 1000 AAA Drive in Heathrow, Florida 32746.  AAA provides its more than fifty million members with a wide variety of travel services, accommodations-rating services, and associated referral and discount services throughout the United States, including in Virginia.

7.    On information and belief, Defendant is the owner and operator of Allaaa Driving School, which operates in Falls Church, Virginia, with its principal place of business located at 7230 Arthur Dr., Falls Church VA 22046.  On information and belief, Defendant resides at 7230 Arthur Dr., Falls Church VA 22046.

## JURISDICTION AND VENUE

8.    This Court has subject-matter jurisdiction over Counts 1 through 3 of AAA's Complaint because they arise under sections 32 and 43 of the Lanham Act. *See* Lanham Act § 39(a), 15 U.S.C. §§ 1121(a), (b); 28 U.S.C. § 1331; 28 U.S.C. § 1338. The Court has subject-matter jurisdiction over Counts 4 and 5 of AAA's Complaint because they are sufficiently related to Counts 1 through 3 that they form part of the same case or controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367(a).

9.    Venue is proper in this judicial district because Defendant resides in this district, *see* 28 U.S.C. § 1391(b)(1), (c)(1), and a substantial part of the events giving rise to the claims occurred here, *see id.* § 1391(b)(2).  Venue is proper in this division of this judicial district because Defendant resides in this division and a substantial part of the events giving rise to the claims occurred here.  *See* Local Civil Rule 3(C).

## FACTS ENTITLING AAA TO RELIEF

### A.    AAA's Widespread and Substantial Use of Its Registered AAA Marks

10.    AAA has used its family of AAA Marks widely, continuously, and for decades, throughout the United States and in Virginia, to identify itself and its automobile club services — as well as its automobile driving and safety instruction and certifying and evaluating driving instruction services — and to distinguish those services from services provided by others.

11.   AAA has continuously used its AAA Marks to identify itself and its authorized automobile driving and safety service providers long before Defendant began using AAA for its automobile driving instruction services.

12.   AAA has registered with the United States Patent and Trademark Office more than one hundred of its trademarks, including:

      a)   U.S. Service Mark Registration No. 3,247,223 for the mark "AAA" (& design) registered May 29, 2007 for, *inter alia*, "Driver training services;"

      b)   U.S. Service Mark Registration No. 1,168,790 for the mark "TRIPLE A," registered September 8, 1981 for "Automobile Association Services-Namely, Promoting the Interests of Motor Vehicle Owners, Motorists, and Travelers;"

      c)   U.S. Service Mark Registration No. 829,265 for the mark "AAA," registered May 23, 1967 for, *inter alia*, "TEACHING MOTOR VEHICLE OPERATION."

13.   Many of the AAA Marks, including those noted above, have been used continuously for at least five years since their registration, and have thus become "incontestable" under section 15 of the Lanham Act, 15 U.S.C. § 1065, thereby constituting conclusive and independent evidence of AAA's exclusive right to use such AAA Marks in commerce in connection with those products and services.

14.   Only those businesses that are part of AAA's network of affiliates and approved service providers are authorized to use or display the AAA Marks.  Consequently, AAA members and the public have come to trust and believe that entities displaying the AAA Marks are affiliated with, or endorsed or approved by, AAA and that they satisfy AAA's high standards for quality and reliability.

15. AAA enjoys a tremendous amount of goodwill and name recognition as a result of its use of the AAA Marks and its extensive advertising and promotion of the AAA Marks in Virginia and throughout the United States.

16. The AAA Marks are distinctive: consumers and members of the public recognize that goods and services marketed under the AAA Marks originate, are approved or endorsed by, or are affiliated with, AAA.

17. As a result of their widespread use and recognition, the AAA Marks have become assets of substantial value and goodwill as distinguishing symbols of AAA and the services it offers. Indeed, the AAA Marks have become famous for the services offered by AAA, and the public has come to associate the "AAA" name with trustworthy service and advice.

**B. Defendant's Unlawful Use of the AAA Marks**

18. Defendant uses the AAA Marks in commerce in connection with offering motor vehicle operation classes and automobile driving instruction.

19. Defendant uses the AAA Marks in commerce without authorization from AAA to do so.

20. On information and belief, Defendant registered and operates a website using the domain name, "allaaadrivingschool.com" in connection with his business. That domain name and the website prominently included the AAA Marks.

21. On information and belief, to advertise to and solicit consumers and the public, Defendant has caused to be placed on the Internet and in publications distributed in Virginia, advertisements for the driving school services it offers, which prominently display the AAA Marks.

22.     On information and belief, Defendant's business documents, invoices, receipts, business cards, and telephone directory listings bear the AAA Marks.

23.     On information and belief, the vehicles used in Defendant's business bear the advertisement "ALL AAA DRIVING SCHOOL."

24.     Defendant's infringing use of the AAA Marks in connection with his business is likely to confuse and mislead consumers into believing that the services offered by Defendant are approved, provided, endorsed, or rated by AAA, which they are not, and into believing that Defendant's services are currently rated positively by AAA and meet AAA's high standards.

25.     On information and belief, Defendant has acted and used the AAA Marks with actual knowledge of AAA's longstanding and widespread use of the AAA Marks, as well as with actual knowledge that Allaaa Driving School is not authorized to use the AAA Marks.

26.     Defendant's use of the AAA Marks has substantially harmed AAA, the AAA Marks, the goodwill associated with the AAA Marks, and the public.

C.     **Defendant's Failure to Comply with AAA's Demands**

27.     Upon learning that Defendant was using the AAA Marks, AAA notified Defendant in writing  that Defendant was required immediately and permanently to cease and desist all use of the AAA Marks and that his use of the AAA Marks in connection with his business was unauthorized and violated federal and state trademark infringement and unfair competition laws. In each correspondence, AAA set deadlines for Defendant to comply, which Defendant has not done.

28.     On October 30, 2013, Defendant agreed in writing to change the name of his business by no later than September 2014.  In reliance on this promise, AAA refrained from taking

further action to enforce its rights in the AAA Marks. However, Defendant has neither changed the name of his business nor discontinued his use of the AAA Marks as he promised to do.

29.     On April 19, 2015, in response to one of several notices of infringement served by Plaintiff, Defendant claimed that "[m]y business name is Allaaa Driving School. Allaaa (sometimes spelled Alaa) is a word in the Arabic meaning highness. This name is also short for the name Aladdin."

30.     On April 22, 2015, Plaintiff responded that it had no objection to the use of the name "Aladdin," but did object to the continued use of the AAA Marks or any confusingly similar variation. Plaintiff also noted that Defendant's business is referred to as "All AAA Driving School" on numerous websites including the websites of the Virginia Department of Motor Vehicles and the Yellow Pages.

31.     On May 11, 2015 Defendant responded, this time claiming that "my business name was changed from 'All AAA Driving School' to 'Allaaa Driving School' which is short for 'Aladdin.'" This purported revision continues to infringe upon the AAA Marks. Moreover, on information and belief Defendant has not ceased using "All AAA Driving School."

32.     Although notified repeatedly that his continued unauthorized use of the AAA Marks constitutes actionable trademark infringement, false designation of origin, and unfair competition, Defendant continues to use the AAA Marks in his commercial activities.

33.     It is likely that Defendant's continued use of the AAA Marks has caused, and causes, confusion among members of the public as to whether Allaaa Driving School is authorized, sponsored, provided or endorsed by, or affiliated with, AAA.

34.   Defendant's conduct is irreparably injuring AAA because AAA has lost control over the nature and the quality of goods and services that are being sold and advertised under its AAA Marks.

## Count 1

### Trademark Counterfeiting and Infringement of
### AAA's Federally Registered Marks
### (15 U.S.C. § 1114(1)-(2))

35.   AAA repeats and re-alleges the allegations set forth above in paragraphs 1-34.

36.   Defendant's use of the AAA Marks violates section 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2), because it constitutes willful and deliberate use in commerce of reproductions, counterfeits, copies, or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of products and services identical or similar to AAA's products and services in a manner likely to cause confusion, mistake, and deception.

37.   On information and belief, Defendant's acts have been willful and deliberate.

38.   AAA has been, and continues to be, irreparably damaged by Defendant's violations of this statute, and AAA has no adequate remedy at law.  Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist from its unlawful use of the AAA Marks, Defendant's unlawful conduct will continue to cause injury to AAA and the public.

## Count 2

### Trademark Infringement, Unfair Competition, and
### False Designation of Origin
### (15 U.S.C. § 1125(a))

39.   AAA repeats and re-alleges the allegations set forth above in paragraphs 1-38.

40. Defendant's use of the AAA Marks described above violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it constitutes willful and deliberate use in commerce of AAA's AAA Marks, which is likely to cause confusion, mistake, or deception as to the approval, origin, or sponsorship by AAA of products and services provided by Defendant, and which accordingly constitutes unfair competition and infringement of the AAA Marks.

41. On information and belief, Defendant's acts have been willful and deliberate.

42. AAA has been, and continues to be, irreparably damaged by Defendant's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist its unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

## Count 3

### Trademark Cyber-Squatting
### (15 U.S.C. § 1125(d) (2006))

43. AAA repeats and re-alleges the allegations set forth above in paragraphs 1-42.

44. Defendant's use of the website and domain name "allaaadrivingschool.com" violates section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), because it constitutes the registration and use of a domain name that is confusingly similar to AAA's famous and distinctive AAA Marks after the AAA Marks became distinctive and famous.

45. On information and belief, Defendant has registered and used the "allaaadrivingschool.com" domain name in bad faith to profit from the AAA Marks.

46. AAA has been, and continues to be, irreparably damaged by the violation of this statute by Defendant, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist its unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

## Count 4

### Violation of the Virginia Trademark and Service Mark Act
### (Va Code Ann. § 59.1-92.12)

47.    AAA repeats and re-alleges the allegations set forth above in paragraphs 1 through 46.

48.    Defendant's use of the AAA Marks in connection with Allaaa Driving School's advertising constitutes a violation of the Virginia Trademark and Service Mark Act, Va. Code Ann. § 59.1-92.12, in that Defendant, makes, publishes, disseminates, circulates, or places before the public (or causes, directly or indirectly to be made, published, disseminated, circulated, or placed before the public) in publications, or in the form of other tangible displays, advertisements regarding its goods, services, and other things of value, and those advertisements contain assertions, representations, or statements of fact that are untrue, deceptive, or misleading and that are conveyed or portrayed in a manner likely to cause consumer confusion, mistake, or deception as to the source or origin of Defendant's services.

49.    Defendant uses the AAA Marks with intent to sell his goods, services, and other things of value.

50.    Defendant's use of the AAA Marks further constitutes the use of methods, devices, practices that are fraudulent, deceptive, or misleading to induce the public to enter into obligations.

51.    On information and belief, Defendant's acts have been willful and deliberate.

52.    AAA has been, and continues to be, irreparably damaged by Defendant's violations of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist from his unlawful use of the AAA Marks, Defendant's unlawful conduct will continue to cause injury to AAA and the public.

**Count 5**

**Common-Law Trademark Infringement and Unfair Competition**

53.    AAA repeats and re-alleges the allegations set forth above in paragraphs 1-52.

54.    Defendant's unauthorized use of the AAA Marks in connection with the advertising and sale of its goods and services constitutes common law trademark infringement and unfair competition because it constitutes willful and deliberate use in commerce of AAA's AAA Marks, which is likely to cause confusion, mistake, and deception as to the approval, origin, or sponsorship by AAA of products and services provided by Defendant, and which accordingly constitutes unfair competition and infringement of the AAA Marks.

55.    On information and belief, Defendant's acts have been willful and deliberate.

56.    AAA has been, and continues to be, irreparably damaged by Defendant's violations of the common law, and AAA has no adequate remedy at law.  Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist from its unlawful use of the AAA Marks, Defendant's unlawful conduct will continue to cause injury to AAA and the public.

**PRAYER FOR RELIEF**

57.    In view of the foregoing, AAA prays for the following relief:

     (a)    An injunction:

(1)    requiring Defendant and its agents, servants, employees, attorneys, and any and all persons in active concert or participation with it immediately and permanently to cease and desist from all use of the AAA Marks, or of any combinations of the letters "A," in any form or manner that resembles, suggests, or intimates that Defendant's business is approved or endorsed by, or otherwise affiliated with AAA including, but not limited to, use of the phrase "Triple A";

(2)    requiring Defendant, pursuant to section 36 of the Lanham Act, 15 U.S.C. § 1118, to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession or control that contain the AAA Marks or any term, symbol, or logo confusingly similar to those marks; and to destroy any and all means in its possession or control of making any of those infringing items;

(3)    requiring Defendant to have deleted or removed from publication any advertisements paid for or used by it containing any of the AAA Marks and any other name, mark, or logo confusingly similar to them;

(4)    requiring Defendant permanently to delete, destroy, and remove all electronic content, including all websites, domain names, and other

electronic materials displaying the AAA Marks and any other name, mark, or logo confusingly similar to them;

(5)   requiring Defendant to instruct third parties to remove any reference to "Allaaa Driving School" on websites, publications, or other electronic materials;

(6)   requiring Defendant permanently to cease use of any search engine optimization techniques, including ad words or keywords, that use the AAA Marks;

(7)   requiring Defendant to cancel, withdraw, or change the name of his business as reflected in its company registration with the Virginia Department of Motor Vehicles;

(8)   requiring Defendant to file with the Court and serve on AAA, within thirty days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendant has complied with the Court's injunction and orders; and

(b)   Monetary damages equivalent to:

(1)   Statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000,000 per counterfeit mark, per good or service used by Defendant;

(2)      Statutory damages in the amount of $100,000 per infringing domain name used by Defendant, including www.allaaadrivingschool.com;

(3)      AAA's damages caused by Defendant's unlawful conduct, as described above;

(4)      The profits earned by Defendant as a result of the sale of products and services using the AAA Marks or as a result of Defendant's display or advertisement of the AAA Marks;

(5)      All state and federal statutory and common-law relief available, including but not limited to the damages provided for by Virginia law and treble damages provided for by section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

(6)      All costs and reasonable attorneys' fees incurred in connection with this action, plus appropriate interest thereon;

(7)      Any punitive or enhanced damages available due to Defendant's willful and deliberate conduct; **and**

(c)      Such other and further relief as the Court may deem just and proper.

Dated:   May 22, 2015

Respectfully submitted,

Taylor T. Lankford
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, District of Columbia 20006
Tel: (202) 626-5514
Fax: (202) 626-3737
tlankford@kslaw.com

*Counsel for the American Automobile*
*Association*